J. S91014/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID RAY SNYDER, | : | No. 921 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 29, 2016,
in the Court of Common Pleas of Clinton County
Criminal Division at No. CP-18-CR-0000367-2011

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 22, 2016**

David Ray Snyder appeals ***pro se*** from the April 29, 2016 order entered in the Court of Common Pleas of Clinton County which dismissed, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the procedural history of this case, as follows:

> [Appellant] filed a Motion for Post-Conviction Collateral Relief on November 17, 2015.  This Court entered an Order on December 3, 2015 appointing [counsel] to represent [appellant], directing [counsel] to file an Amended Petition before January 31, 2016, directing the Commonwealth to file an Answer to the Amended Petition on or before February 28, 2016 and scheduling this matter for a hearing on May 4, 2016.

---

* Former Justice specially assigned to the Superior Court.

[PCRA counsel] requested additional time which was granted by this Court to file an amended petition and on February 29, [2016], [counsel] filed a [**Turner**/**Finley**[1] no-merit] [l]etter indicating that all the [appellant's] issues were meritless. The Commonwealth filed a Letter with the Court on March 31, 2016 requesting the Court to take action on [counsel's **Turner/Finley** no-merit] [l]etter. By Order of Court dated April 5, 2016, this Court gave notice to [appellant] that this Court intended to dismiss the Motion for Post-Conviction Collateral Relief within twenty (20) days.[2] [Appellant] responded by Letter dated April 24, 2016, which this Court accepted as timely. Said Letter complained that [appellant] was not able to complete research at the State Correctional Institution in the year 2015. This Court by Order of April 29, 2016, dismissed the Motion for Post-Conviction Collateral Relief filed by [appellant] on November 17, 2015. [Appellant] filed a Notice of Appeal on May 31, 2016 and this Court by Order of June 1, 2016 directed [appellant] to file a statement of matters complained of on appeal.

[Appellant] filed his Statement of Matters Complained of on Appeal and indicated the issues were [four claims of ineffective assistance of plea counsel].

[Appellant] had filed a previous [PCRA] [p]etition on September 25, 2012, with an Amended Petition filed on November 21, 2012. This Court issued an opinion and Order on January 15, 2013, which the Court would request the Superior Court to review. The Superior Court affirmed this Court's Order of January 15, 2013 by Memorandum Opinion of December 13, 2013. [**See**] number 312 MDA 2013. It is clear that the issues concerning

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

[2] The record further reflects that on April 5, 2016, the trial court entered an order granting PCRA counsel's motion to withdraw.

[appellant's] trial counsel were raised in the first [PCRA] proceeding and were addressed by the Superior Court [on appeal].

PCRA court opinion, 6/20/16 at 1-2.

Appellant raises the following issues for our review:

1.      Whether trial counsel [] was ineffective for not withdrawing [appellant's] plea?

2.      Whether trial counsel was ineffective for not objecting to the sentence, which was outside the plea bargain?

3.      Whether trial counsel was ineffective for failing to file a motion to modify?

4.      Whether trial counsel was ineffective for failing to file post-trial motions?

5.      Whether [appellant] filed his petition late[] due to interference by government officials with the presentation of the claim, in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States?

Appellant's brief at 2 (capitalization omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final.   42 Pa.C.S.A. § 9545(b)(1).   "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review."   42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound.   ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa.

2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on July 16, 2012. Appellant failed to file a direct appeal to this court, and consequently, appellant's judgment of sentence became final on August 15, 2012, 30 days after imposition of sentence and the time for filing a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed November 17, 2015, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012).

The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant baldly asserts in the table of contents section of his brief that he "filed his PCRA petition late due to interference by government officials with the with the [sic] presentation of the claim in violation of the constitution or laws of this Commonwealth or the Constitution or laws of the United States." (Appellant's brief at i, capitalization deleted.) In the argument section of his brief, however, appellant entirely fails to carry his burden of pleading and proving that the government-interference exception to the time bar applies because (i) he fails to set forth any facts to demonstrate how the government interfered with his ability to present the claim; and (ii) he fails to advance any argument whatsoever to support the application of the government-interference exception. Therefore, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

J. S91014/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016